IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

VINCENT ERIC MORRIS,

    Petitioner,               No. 2:11-cv-1051 MCE DAD P

    vs.

PEOPLE OF THE STATE OF CA,

    Respondent.            ORDER

_____/

        Petitioner is a state prisoner proceeding pro se with an amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pending before the court is petitioner's motion for a stay and abeyance as well as petitioner's motion to amend his petition.

**BACKGROUND**

        On May 16, 2011, petitioner filed his amended federal habeas petition challenging a 2009 conviction entered by the San Joaquin County Superior Court.  Therein, petitioner asserts the following grounds for relief: (1) the Stockton Police Department violated his rights under Fourteenth Amendment Equal Protection Clause and Due Process Clause; (2) he was denied the effective assistance of counsel; (3) his trial counsel misled the court at petitioner's Marsden hearings; (4) unconstitutional search and seizure; and (5) he received ineffective assistance from his appellate counsel.  On May 31, 2011, the court ordered respondent to file a response to the

petition. After receiving two extensions of time, on September 27, 2011, respondent filed an answer. In that answer, respondent maintains that Ground 1, parts of Ground 2 (2.C and 2.F), and Ground 5 of petitioner's amended petition are unexhausted and, in any event, do not state colorable claims for federal habeas relief. Instead of filing a traverse to respondent's answer, petitioner filed a motion for a stay and abeyance, asking the court to stay this case so that he could return to state court to exhaust the aforementioned unexhausted claims. Counsel for respondent filed a response to petitioner's motion, arguing that a stay and abeyance pursuant to Rhines v. Weber, 544 U.S. 269, 277 (2005) would be inappropriate here because petitioner has unreasonably delayed in presenting his claims to the California Supreme Court, and petitioner has not shown that his claims are not plainly meritless. Counsel for respondent also noted, however, that respondent had no basis to oppose a stay granted pursuant to the decision in Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003). Petitioner filed a reply in support of his motion for a stay and abeyance, arguing that the court should grant him a stay and abeyance under either the Rhines or Kelly procedure.

Before the court had an opportunity to rule on petitioner's motion for a stay and abeyance, petitioner filed a motion to amend his petition, together with a proposed second amended petition. In his motion to amend, petitioner claims that since filing his motion for a stay and abeyance he has exhausted Ground 1 and Ground 5 of his amended petition. Petitioner also indicates that he would like to dismiss Ground 2.F but also asks the court again to issue a stay and abeyance so that he can return to state court to exhaust Ground 2.C of his amended petition. Finally, petitioner seeks leave to add two new claims to his petition. Specifically, petitioner seeks to add claims that his sentence constitutes cruel and unusual punishment and his appellate counsel provided ineffective assistance by failing to raise the cruel and unusual punishment issue on appeal. In his proposed second amended petition, petitioner includes these two new claims as well as what appears to be addendums to Ground 1 and Ground 3 of his amended petition. Petitioner has not, however, included the remainder of the claims from his

amended petition.  Respondent has not filed an opposition or otherwise responded to petitioner's recent motion to amend.

### DISCUSSION

The court will address each of petitioner's motions in turn.  First, as to petitioner's motion for a stay and abeyance, the court will deny that motion without prejudice.  As an initial matter, the court believes that some general discussion of the stay and abeyance procedures is warranted and may provide petitioner was some guidance.  Petitioner is advised that the United States Court of Appeals for the Ninth Circuit has analyzed the two procedures available to habeas petitioners who wish to proceed with exhausted and unexhausted claims for relief.  See King v. Ryan, 564 F.3d 1133 (9th Cir. 2009).  First, the Ninth Circuit explained "the Kelly procedure," outlined in Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003).  Under the three-step Kelly procedure,

> (1) the petitioner amends his petition to delete any unexhausted claims, (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing petitioner the opportunity to proceed to state court to exhaust the deleted claims, and (3) petitioner later amends his petition and re-attaches the newly-exhausted claims to the original petition.

King, 564 F.3d at 1135.  A petitioner who elects to proceed under the Kelly procedure will be able to amend his petition with his newly exhausted claims if they are timely under the statute of limitations governing the filing of federal habeas petitions.  If a petitioner's newly-exhausted claims are untimely, he will only be able to amend his petition to include them if they share a "common core of operative facts" with the claims set forth in his original federal petition.  In this regard, the Kelly procedure, unlike the alternative procedure discussed below, is a riskier one for a habeas petitioner because it does not protect a petitioner's unexhausted claims from expiring during a stay.  See King, 564 F.3d at 1140-41.  See also Duncan v. Walker, 533 U.S. 167, 172-75 (2001) (unlike the filing of a state habeas petition, the filing of a federal habeas petition does not toll the statute of limitations).

/////

1    As the Ninth Circuit explained in King, the United States Supreme Court has authorized an alternative procedure which it outlined in Rhines v. Weber, 544 U.S. 269, 277 (2005).  Under the Rhines procedure, the petitioner need not amend his federal habeas petition to delete unexhausted claims.  Instead, the petitioner may proceed on a "mixed petition," and his unexhausted claims remain pending in federal court while he returns to state court to exhaust them.  See King, 564 F.3d at 1140; Jackson v. Roe, 425 F.3d 654, 660 (9th Cir. 2005) ("Rhines concluded that a district court has discretion to stay a mixed petition to allow a petitioner time to return to state court to present unexhausted claims.").  A petitioner who elects to proceed under the Rhines procedure can, in many instances, avoid an issue with respect to the timeliness of the claims set forth in his federal petition.  See King, 564 F.3d at 1140.  However, the Supreme Court has cautioned that a "stay and abeyance [under the Rhines procedure] should be available only in limited circumstances," and "district courts should place reasonable time limits on a petitioner's trip to state court and back."  Rhines, 544 U.S. at 277-78.  The Supreme Court explained that district courts should not grant a stay if the petitioner has engaged in abusive litigation tactics or intentional delay or if the unexhausted claims are plainly meritless.  Id. at 278.  In addition, federal proceedings may not be stayed indefinitely and reasonable time limits must be imposed on a petitioner's return to state court to exhaust additional claims.  Id. at 277-78.

    In this case, both parties appear to agree that petitioner's amended petition now pending before this court is a "mixed petition."  As noted above, under the Rhines procedure, petitioner may proceed on a "mixed petition."  However, based on the information petitioner has provided to the court in his motion for a stay and abeyance, it is not clear that the granting of such a stay and abeyance under Rhines is appropriate in this case.  Specifically, petitioner's motion for a stay and abeyance does not provide sufficient facts and information to satisfy the requirements of Rhines.  First, the court is unable to determine from petitioner's motion for a stay and abeyance and subsequently-filed motion to amend and proposed second amended

1  petition which of petitioner's claims are actually exhausted and which are unexhausted.  For
2  example, petitioner claims in his motion to amend that he has recently exhausted his Ground 5
3  and refers the court to Exhibit A.2 of his proposed second amended petition.  However,
4  petitioner's Exhibit A.2 does not contain any reference to Ground 5.  Rather, Exhibit A.2 appears
5  to be a copy of petitioner's exhaustion petition for the two new claims he seeks leave to add to
6  his amended petition.  Moreover, the court is unable to determine whether petitioner has good
7  cause for not exhausting all of his claims before filing this federal habeas action.  In this regard,
8  the court is unable to determine whether petitioner's unexhausted claims are potentially
9  meritorious or whether petitioner has been diligent in pursuing his unexhausted claims.  See
10 Taylor, 134 F.3d at 987 n. 8 & n. 11 (failure to show diligence in pursuing claims may foreclose
11 the granting of a stay).  Accordingly, insofar as petitioner's motion for a stay and abeyance is
12 brought pursuant to the Rhines procedure, the court will deny the motion without prejudice to the
13 filing of a renewed motion within thirty days.  In any renewed motion for a stay and abeyance
14 petitioner elects to file pursuant to Rhines, petitioner must (1) show good cause for his failure to
15 exhaust all claims before filing this action, (2) demonstrate why each of his unexhausted claims
16 is potentially meritorious, (3) describe the status of any state court proceedings on the
17 unexhausted claims, and (4) demonstrate that he has acted diligently in pursuing his unexhausted
18 claims.  See Rhines, 544 U.S. at 277-78.

19         In his motion for a stay and abeyance, petitioner did not move for relief pursuant
20 to the Kelly procedure.  He did, however, mention the Kelly procedure as an alternative in his
21 reply in support of his motion for a stay and abeyance, presumably because respondent
22 acknowledged that respondent has no basis to oppose a stay pursuant to Kelly.  It is not clear
23 from petitioner's filings whether petitioner understands the statute of limitations risks of
24 proceeding under the Kelly procedure.  Nevertheless, assuming he understands the risks,
25 petitioner could be entitled to proceed pursuant to the Kelly procedure if he so desires.  However,
26 as discussed above, it is not clear from petitioner's motion for a stay and abeyance and

subsequently-filed motion to amend and proposed second amended petition which of petitioner's claims are actually exhausted and which are unexhausted. In addition, as noted above, if petitioner wishes to proceed pursuant to the Kelly procedure, he will need to amend his petition so that it includes only his exhausted claims. At this time, it appears that petitioner's amended petition is a "mixed petition," and petitioner's proposed second amended petition is incomplete in that it only includes his two new claims and what appears to be addendums to Ground 1 and Ground 3 of his amended petition. Accordingly, insofar as petitioner's motion for a stay and abeyance is brought pursuant to the Kelly procedure, the court will deny the motion without prejudice to the filing of a renewed motion for a stay and abeyance within thirty days, together with a proposed amended petition that contains only exhausted claims.

Finally, the court will deny petitioner's motion to amend without prejudice. As noted above, petitioner's proposed second amended petition is incomplete because it includes only his two new claims and what appears to be addendums to Ground 1 and Ground 3 of his amended petition. Petitioner has not included the remainder of the claims from his amended petition. Petitioner is advised that any amended petition will supercede a previous petition, and the previous petition will no longer serve any function in the case. Therefore, in any future proposed amended petition, petitioner must include all of his claims, unless he wishes to proceed under the Kelly procedure in which case he should only include all of his exhausted claims. Finally, the court will note that if petitioner wishes to attach exhibits to his petition, he should ensure that the references to his exhibits correspond to the actual exhibits attached to his petition.

**OTHER MATTERS**

Also pending before the court is petitioner's motion for an extension of time to file a traverse. Under the circumstances of this case, the court will deny petitioner's motion as unnecessary and without prejudice. At this time, it is not clear what claims petitioner will elect to proceed on in this action. It is also unclear whether respondent will be required to file a new or supplemental answer. In any event, petitioner is advised that the court will provide him with

adequate time at the appropriate juncture to file a traverse in this case.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion for a stay and abeyance (Doc. No. 22) is denied without prejudice to filing a renewed motion for a stay and abeyance pursuant to the Rhines or Kelly procedure within thirty days of the date of this order;

2. Petitioner's motion to amend (Doc. No. 31) is denied without prejudice to filing a renewed motion to amend together with a proposed amended petition that contains all of petitioner's claims, unless petitioner wishes to proceed under the Kelly procedure in which case he should only include all of his exhausted claims;

3. Respondent shall file an opposition or other response to any of petitioner's renewed motions within thirty days of service of the motions. Petitioner shall file a reply, if any, within fourteen days of service of respondent's opposition or other response; and

4. Petitioner's motion for an extension of time to file a traverse (Doc. No. 25) is denied without prejudice.

DATED: June 19, 2012.

*Dale A. Drozd*
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
morr1051.mots