IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

VINCENT ERIC MORRIS,

    Petitioner,                        No.  2:  11-cv-1051 MCE DAD P

    vs.

TIM VIRGA, Warden

    Respondent.                     <u>ORDER & FINDINGS</u>

                                          <u>AND RECOMMENDATIONS</u>

_____/

        Petitioner is a state prisoner proceeding *pro se* with a first amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Presently pending before the court are petitioner's motion for a court order, motion for stay and abeyance and motion for leave to amend his petition.  For the following reasons, the motion for a court order will be denied and the motion for leave to amend will be granted.  Furthermore, it will be recommended that the motion for stay and abeyance be denied.

### I.  BACKGROUND

        This action was initiated when petitioner filed a habeas petition in April 2011, challenging a judgment of conviction entered in the San Joaquin County Superior Court in 2009. The original habeas petition was dismissed with leave to amend after the court determined that

petitioner had named the improper party respondent. (See Dkt. No. 4.) On May 16, 2011, petitioner filed his first amended habeas petition. (See Dkt. No. 7.) Therein, petitioner asserted the following claims: (1) the Stockton Police Department violated his rights under the Fourteenth Amendment Equal Protection and Due Process Clauses; (2) ineffective assistance of counsel; (3) trial counsel mislead the court at petitioner's Marsden hearings; (4) unconstitutional search and seizure; and (5) ineffective assistance of appellate counsel. The respondent was ordered to respond to the first amended petition. (See Dkt. No. 8.) The respondent filed an answer to the first amended habeas petition on September 27, 2011. (See Dkt. No. 19.) In that answer, respondent argued that Ground 1; parts of Ground 2 (2.C. and 2.F), and Ground 5 of petitioner's first amended petition were unexhausted and, in any event, do not state colorable claims for federal habeas relief among other arguments against the granting of relief.

On October 6, 2011, petitioner filed a motion for stay and abeyance so that he could return to state court to exhaust his unexhausted claims. (See Dkt. No. 22.) Respondent opposed the motion, asserting that a stay and abeyance under Rhines v. Weber, 544 U.S. 269, 277 (2005) would be inappropriate because petitioner had unreasonably delayed in presenting his claims to the California Supreme Court and had not shown that his claims are not plainly meritless. (See Dkt. No. 23.) However, respondent noted that he had no basis to oppose stay and abeyance pursuant to Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003). (See Dkt. No. 23.)

On May 8, 2012, before the court ruled on petitioner's October 6, 2011 motion to stay and abey, he filed a motion to amend his petition, together with a proposed second amended petition. Therein, petitioner asserted that Grounds 1 and 5 were now exhausted. He also indicated that he wished to dismiss his Ground 2.F but requested a stay so that he could exhaust Ground 2.C of his first amended petition.[1] Petitioner also raised two new claims in his proposed

---

[1] In Ground 2.C petitioner alleges that his trial counsel failed to make several objections during his trial. In Ground 2.F petitioner had alleged that his trial counsel had failed to request jury instructions on lesser-included offenses.

2

second amended petition. Specifically, petitioner sought to add the following claims: (1) his sentence constituted cruel and unusual punishment; and (2) ineffective assistance of appellate counsel by failing to raise the cruel and unusual punishment issue on appeal.

On June 20, 2012, the court denied petitioner's November 21, 2011 motion to stay and abey without prejudice. (See Dkt. No. 32.) The court also noted that the parties appeared to agree that the first amended petition was a "mixed" petition but that it was not clear whether a stay and abeyance was appropriate under Rhines. The court could not determine which of petitioner's claims were actually exhausted and which were unexhausted. Furthermore, the court was unable to determine whether petitioner had shown good cause for not exhausting all of his claims before filing his federal habeas petition. The court granted petitioner thirty days to file a renewed motion to stay and abey and also explained to petitioner the procedure for seeking a Kelly stay should he choose tp pursue that route. (See Dkt. No. 32.)

At that time petitioner's motion for leave to amend to file a second amended petition was also denied without prejudice. The court found that petitioner's proposed second amended petition was incomplete because it included only his two proposed new claims and addendums to Grounds 1 and 3 of his first amended petition. Accordingly, petitioner was advised that he must include all of his claims in any future proposed amended petition he sought to file.

On June 29, 2012, petitioner filed a renewed motion for stay and abeyance. (See Dkt. No. 35.) On July 27, 2012, petitioner filed a motion for leave to amend his habeas petition along with a proposed third amended petition. (See Dkt. Nos. 38 & 39.) Respondent filed oppositions to both motions. (See Dkt. Nos. 44 & 46.) Petitioner subsequently filed replies in support of his renewed motion for stay and abeyance and motion for leave to amend. (See Dkt. Nos. 54 & 55.)

/////

/////

II.  MOTION FOR STAY AND ABEYANCE

A.  Petitioner's Motion

Petitioner requests a motion for stay and abeyance pursuant to Rhines to allow him to take Ground 2.C back to state court so that it can be exhausted.  In Ground 2.C of his amended petition petitioner asserts that his trial counsel was ineffective in failing to make several objections during trial.  Petitioner states that he has failed to present Ground 2.C in state court due to his lack of knowledge of the legal system.  He further explains that he has been transferred within the California state prison system and therefore has been unable to retain one inmate to help him with his legal work.  He further claims that his Ground 2.C is meritorious and that he has been acting diligently by asking this court for permission to return to state court to exhaust that claim.

B.  Respondent's Opposition

Respondent argues that the granting of a stay pursuant to the Rhines procedure is inappropriate.  First, respondent asserts that plaintiff's reasons for failing to exhaust his Ground 2.C for relief are insufficient to show good cause.  Furthermore, respondent claims that petitioner has failed to show good cause because he has not explained why Ground 2.C was not included in his prior petition for review filed in the California Supreme Court and was not included in his state habeas petitions.  Respondent also argues that petitioner has failed to show that this unexhausted claim is not plainly meritless under either prong of Strickland v. Washington, 466 U.S. 668 (1984).  Finally, respondent asserts that petitioner has failed to act with diligence in attempting to exhaust his Ground 2.C for relief

C.  Petitioner's Reply

In reply, petitioner makes clear that he is pursuing a motion for stay and abeyance pursuant to Rhines.  (See Dkt. No. 54 at p. 2-3.)  In this regard, he states that he:

> had no intention to delay his request for stay and abeyance.  His
> reasons are reasonable the court should take in consideration the
> petitioner['s] desire to avoid successive habeas corpus

4

> application[s] and present to the court a perfect habeas corpus. As stated . . . petitioner was face[d] with a lot of continuing problems that cause[d] the delay with the presentation of his motion for stay and abeyance . . . .
>
> Petitioner did failed (sic) to present Ground 2.C in his petition for review and in his petitions for writ of habeas corpus in Supreme Court because during this time he was constantly changing jailhouse lawyers.

(Dkt. No. 54 at p. 3, 4.)

### D. Discussion

Under the stay and abeyance procedure outlined by the Supreme Court in <u>Rhines</u>, a petitioner need not amend his petition to delete unexhausted claims. Instead, the petitioner may proceed on a "mixed" petition, and his unexhausted claims remain pending in federal court while he returns to state court to exhaust them. See <u>King v. Ryan</u>, 564 F.3d 1133, 1140 (9th Cir. 2009); <u>Jackson v. Roe</u>, 425 F.3d 654, 660 (9th Cir. 2005) ("<u>Rhines</u> concluded that a district court has discretion to stay a mixed petition to allow a petitioner time to return to state court to present unexhausted claims."). A petitioner who elects to proceed under the <u>Rhines</u> procedure can, in many instances, avoid an issue with respect to the timeliness of his federal petition. See <u>King</u>, 564 F.3d at 1140. However, the Supreme Court has cautioned that a "stay and abeyance [under the <u>Rhines</u> procedure] should be available only in limited circumstances," and "district courts should place reasonable time limits on a petitioner's trip to state court and back." <u>Rhines</u>, 544 U.S. at 277-78. In <u>Rhines</u>, the Supreme Court stated that a stay and abeyance of a mixed federal habeas petition should be available only in the limited circumstance that good cause is shown for a failure to have first exhausted the claim in state court, that the claim or claims at issue potentially have merit and that there has been no indication that petitioner has been intentionally dilatory in pursuing the litigation. 544 U.S. at 277-78.

"Good cause" under <u>Rhines</u> is not precisely defined. Nevertheless, the Supreme Court has explained that in order to promote AEDPA's twin goals of encouraging the finality of state judgments and reducing delays in federal habeas review, "stay and abeyance should be

5

available only in limited circumstances." Rhines, 544 U.S. at 277.  The Ninth Circuit has held that the Rhines "good cause" standard does not require a petitioner to show that "extraordinary circumstances" prohibited him from exhausting his claims.  See Jackson, 425 F.3d at 661-62.

In support of his argument for a finding of good cause, petitioner asserts as follows, "Petitioner failed to present ground 2.C to the state's court due to his lack of knowledge of the legal system and his constant transfer within assigned prison which inable [sic] him to retain one fellow inmate to help him with his legal work." (Dkt. No. 35 at p. 2.)  In his reply, petitioner again asserts that good cause has been established because "during this time he was constantly changing jail house lawyers.  It was because of that reason that made Ground 2.C to be overlooked." (Dkt. No. 54.)

Petitioner's basis for delay due to his lack of legal knowledge, however, does not constitute "good cause" to warrant granting a stay under Rhines.  By way of example, in Wooten v. Kirkland, 540 F.3d 1019, 1024 (9th Cir. 2008), the Ninth Circuit held that a petitioner had not shown good cause for failure to first exhaust where the petitioner was under the impression that his counsel had included all of the issues in his petition for review.  The Ninth Circuit determined that accepting such a reason for delay would make stay and abeyance orders routine since almost any petitioner could make this argument.  Id. at 1024.  The court concluded that this would be contrary to Rhines' instruction that stays should be granted only in limited circumstances.  See id.

Here, petitioner's lack of legal knowledge and experience is also a routine characteristic and circumstance suffered by prisoners and does not amount to good cause for his failure to exhaust his Ground 2.C for relief.  Petitioner's lack of legal knowledge is common among prisoners.  Accordingly, petitioner's argument in attempting to show good cause is insufficient to show good cause as it would run contrary to Rhines' instruction that stays should be granted only in limited circumstances.  See Daly v. McEwen, Civ. No. 11-1818-AHM (DTB), 2011 WL 4964449, at *4 (C.D. Cal. Oct. 19, 2011) (holding that petitioner failed to show good

6

cause to warrant a <u>Rhines</u> stay in arguing that he was ignorant of the law and required the assistance of more knowledgeable prisoners); <u>Holloway v. Curry</u>, Civ. No. 09-922-MCE-DAD P, 2010 WL 2985078, at *3-4 (E.D. Cal. July 27, 2010) (concluding that petitioner's argument that he is a layman and was unaware of the exhaustion requirement is insufficient to show good cause to warrant a <u>Rhines</u> stay), <u>report and recommendation adopted by</u>, 2010 WL 3703836 (Sept. 17, 2010); <u>Hamilton v. Clark</u>, Civ. No. 08-1008 EFB P, 2010 WL 530111, at *2 (E.D. Cal. Feb. 9, 2010) (holding that petitioner's lack of understanding of the exhaustion requirement and limited access to the prison law library were insufficient to show good cause for a failure to exhaust). Petitioner's motion for stay and abeyance should therefore be denied.

### III. MOTION FOR LEAVE TO FILE THIRD AMENDED HABEAS PETITION

A. Petitioner's Motion

On July 27, 2012, petitioner filed a motion for leave to file a third amended habeas petition. Therein, petitioner requests leave to file a third amended petition so that he can add two claims for relief to his petition. First, petitioner seeks to add an Eighth Amendment claim that the sentence imposed in his case constitutes cruel and unusual punishment.[2] Second, petitioner seeks to add a claim that his appellate counsel provided ineffective assistance in not raising the cruel and unusual punishment claim on appeal.

B. Respondent's response

Respondent argues that petitioner filed his motion for leave to amend 304 days after respondent filed an answer to the first amended habeas petition on September 27, 2011. Respondent asserts that petitioner provides no explanation for his delay in bringing these proposed two new claims in federal court, particularly where the factual predicate of these claims

---

[2] Petitioner is currently serving a sentence of eighteen years and four months in state prison based on his conviction on two counts of first degree robbery, one count of first degree burglary as well as an enhancement for a principal being armed with a firearm. Petitioner also admitted allegations he had a prior strike conviction, a prior serious felony conviction and had served a prior prison term. (<u>See</u> Resp't's Lodged Doc. 3 at p. 1.)

would have been known since his sentencing on September 18, 2009.  Furthermore, respondent states that petitioner raised these two claims in state habeas petitions filed in the state courts in 2011.  Thus, according to respondent, petitioner was clearly aware of these proposed new claims well prior to his initial motion to amend filed in May of 2012 in this court.

    C.  Petitioner's Reply

In reply, petitioner asserts any delay on his part in coming forward with these two claims was not unreasonable.  He argues that the court was to have let him know of the time limit to "respond to the respondent's motion to dismiss [the] petition." (Dkt. No. 55 at p. 3.)  Furthermore, petitioner states that the motion for leave to amend was not made in bad faith "due to it is a mix (sic) petition and the petitioner instability cause[d] him not being able to keep one inmate assistance to assist on this appeal." (Id. at p. 4.)  Finally, petitioner states that he was not acting in a dilatory fashion.  (See id.)

    D.  Discussion

Under Federal Rule of Civil Procedure 15(a), a habeas petitioner may amend his pleadings once as a matter of course before a responsive pleading is served and may seek leave of court to amend his pleading at any time during the proceeding.  See Mayle v. Felix, 545 U.S. 644, 654 (2005); see also In re Morris, 363 F.3d 891, 893 (9th Cir. 2004) (Rule 15(a) applies to habeas actions with the same force that it applies to other civil cases).  Although leave of court should be given freely, a court may deny a motion to amend if the motion is made in bad faith, there was undue delay, there would be prejudice to the opposing party, the amendment would be futile or would delay the action, or if the plaintiff has previously amended his complaint.  See Foman v. Davis, 371 U.S. 178, 182 (1962); Nunes v. Ashcroft, 375 F.3d 805, 808 (9th Cir. 2004) (applying these factors with respect to a motion to amend in a habeas case); Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995) (same).  Prejudice to the opposing party is the most important factor in assessing a motion to amend.  See Jackson v. Bank of Haw., 902 F.2d 1385, 1387 (9th Cir. 1990).

Bad faith may be shown when a party seeks to amend late in the litigation process with claims which were, or should have been, apparent early. See Bonin, 59 F.3d at 846.[3] A motion to amend a pleading is addressed to the sound discretion of the court and must be decided upon the facts and circumstances of each particular case. See Sackett v. Beaman, 399 F.2d 884, 889 (9th Cir. 1968).

Respondent's sole argument in opposing the motion for leave to amend the habeas petition is that petitioner acted in a dilatory fashion in raising these proposed two new claims in federal court. The court agrees. The court notes that petitioner raised these two proposed new claims in his state habeas petitions. (See Resp't's Lodged Doc. 15 & 23.) When petitioner filed these state habeas petitions, respondent had not yet filed an answer in this federal habeas proceeding. Respondent filed an answer on September 27, 2011. However, petitioner did not first raise these two proposed new claims in federal court until May 2012, or over eight months after respondent filed his answer to the first amended habeas petition.

Nevertheless, the court finds that petitioner's delay in failing to bring these claims in federal court sooner is insufficient in and of itself to deny petitioner's motion for leave to amend his petition. See Howey v. United States, 481 F.2d 1187, 1191 (9th Cir. 1973) ("[w]e know of no case where delay alone was deemed sufficient grounds to deny a Rule 15(a) motion to amend"). Nor does it appear that petitioner's delay reflects any bad faith on his part. As illustrated by his state court filings, petitioner was attempting to exhaust his proposed two new claims during the period between the filing of respondent's answer and his seeking leave to amend his federal habeas petition.

Respondent makes no argument as to prejudice in opposing the motion to amend. The court recognizes that respondent will suffer at least some prejudice if the motion for leave to

---

[3] These facts might also support a finding that the moving party acted in a dilatory fashion when seeking leave to amend. Duggins v. Steak 'N Shake, Inc., 195 F.3d 828, 834 (6th Cir. 1999).

9

amend is granted since it will require respondent to file a response to petitioner's third amended habeas petition.

Respondent also does not argue that petitioner's motion for leave to amend is futile. At this stage of the proceedings, the court cannot say whether or not petitioner's claim of cruel and unusual punishment and ineffective assistance of appellate counsel for failing to raise this issue on appeal would be futile. See, e.g., Harmelin v. Michigan, 501 U.S. 957, 1001 (1991) (Kennedy, J., concurring) ("The Eighth Amendment does not require strict proportionality between crime and sentence. Rather, it forbids only extreme sentences that are 'grossly disproportionate' to the crime.") (citation omitted). Thus, in light of respondent's failure to argue that an amendment would be futile, as well as the Supreme Court's recognition (albeit in very limited circumstances) of the Eighth Amendment applying to grossly disproportionate sentences, this factor does not favor denial of the motion.

The final factor to examine is whether petitioner has previously amended his habeas petition. Respondent makes no argument in this regard. The court notes that here petitioner has previously amended his habeas petition. However, he did so only after he was ordered to by the court because he had failed to name the proper respondent in his original petition. Thus, his attempt to add these two new proposed claims is the first time that petitioner has personally sought to amend his petition to assert new claims for relief. Accordingly, the court finds this factor is deemed neutral.

In conclusion, respondent's sole argument in opposing the motion is that petitioner acted improperly in delaying bringing his proposed two new claims in federal court. While petitioner's delay was somewhat lengthy, it was not done in bad faith. Furthermore, respondent does not argue that he will be prejudiced, even though granting the motion will require respondent to file another response. The proposed two new claims are not on their face futile. Finally, the motion for leave to amend to add two new claims to the habeas petition is the first time that petitioner has personally sought to amend his petition. Upon analyzing the

applicable factors as discussed above, which includes the fact that leave to amend should be freely given when justice so requires, see Foman, 371 U.S. at 182, as well as the court's preference for deciding habeas claims on the merits, the court will grant petitioner's motion for leave to amend in the interests of justice.

## IV. MOTION FOR COURT ORDER

On June 29, 2012, petitioner filed a "motion for a court order." (See Dkt. No. 34.) In that motion, petitioner states that he requires the court to issue an order to the prison law librarian to allow him to file the correct number of copies of his motion for leave to amend his petition. (See id. at p. 1-2.) However, petitioner filed his motion for leave to amend back on July 27, 2012 (Dkt. No. 38) and it is addressed in this order. Accordingly, petitioner's motion for a court order will be denied as moot.

## V. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion for leave to file a third amended petition for writ of habeas corpus (Dkt. No. 38.) is granted;

2. Respondent shall have thirty (30) days to file and serve a response to petitioner's third amended petition for writ of habeas corpus; and

3. Petitioner's motion for a court order (Dkt. No. 34.) is denied as moot.

Furthermore, IT IS HEREBY RECOMMENDED that:

1. Petitioner's motion for a stay and abeyance (Dkt. No. 35.) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen days after service of the objections.  The parties are

advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991). In his objections, petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. See Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

DATED: November 19, 2012.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD1:dpw
morr1051.stayamend